## IN THE COURT OF APPEALS OF IOWA

No. 16-0588
Filed July 27, 2016

**IN THE INTEREST OF K.H.,**
**Minor child,**

**S.H., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Carroll County, Adria Kester, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Kevin E. Hobbs, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Martha A. Sibbel of Law Office of Martha Sibbel, P.L.C., Carroll, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2013.[1]  She (1) challenges the grounds for termination cited by the district court and (2) contends termination was not warranted given the closeness of the parent-child bond.

*I.*       The district court terminated the mother's parental rights pursuant to two provisions of the Iowa Code.  We may affirm if we find clear and convincing evidence to support either ground.  *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).  On our de novo review, we are persuaded the State proved grounds for termination under Iowa Code section 232.116(1)(h) (2015).  That provision requires proof of several factors, including proof the child cannot be returned to the parent's custody.

The record reveals the following pertinent facts.  The mother began using opiates and other drugs eight years before the termination hearing.  In 2012, she also began abusing methamphetamine.  Her son was born a year later with methamphetamine and several other drugs in his system.

The mother continued to use methamphetamine after the child's birth. Within four months, the child was temporarily removed from her custody and was placed in foster care.  The mother stipulated to his adjudication as a child in need of assistance.

Following a recommendation for long-term residential drug treatment, the mother began a three-and-a-half month inpatient treatment program.  After graduating from this program, she transitioned to a halfway house where she

---

[1] The father's appeal was dismissed as untimely.

was allowed to have the child in her care. She completed the programming at the halfway house and the district court returned the child to her under the protective supervision of the department of human services.

The mother relapsed ten months after leaving the halfway house. In time, a police officer found her two-year-old toddler on a road, dirty and covered in his own feces. Two cars almost hit him. The child was immediately taken into protective custody and was again placed in foster care.

The mother's methamphetamine use did not abate. Approximately seven months after her relapse, she re-entered the halfway house. She was still at the facility when the termination hearings were held and hoped to remain there for two years. Although she testified the child could immediately join her, a department social worker declined to recommend this option, given her previous track record.

We agree the child could not be returned to the mother's custody in light of her lengthy history of substance abuse, the intensive drug treatment services afforded her, her limited success in maintaining her sobriety notwithstanding these services, and the harm that befell her child as a result of her drug use.

*II.* The mother contends termination is not warranted given the closeness of the parent-child bond. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). The department acknowledged the existence of this bond and made significant efforts to foster it through trial home placements, overnight visits, and an earlier recommendation to return the child to her custody. On our de novo review, we are persuaded the mother was afforded sufficient time and services to address her addictions and returning the child to the mother would have compromised his

safety.  We conclude termination was warranted despite the bond she shared with the child.

**AFFIRMED.**